BROWNE GEORGE ROSS LLP
MICHAEL A. BOWSE (State Bar No. 189659)
  mbowse@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant iCare Credit, LLC d/b/a iCare Financial

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HUNG V. VU, D.D.S. A PROFESSIONAL DENTAL CORP. d/b/a Vu Orthodontics, on behalf of itself and all persons and entities similarly situated,, <br><br> Plaintiff, <br><br> vs. <br><br> I CARE CREDIT, LLC, d/b/a/ iCare Financial; and DOES 1 - 10, inclusive, <br><br> Defendant. | Case No. 3:17-cv-00790-WHA <br><br> The Hon. William A. Alsup <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER TO A PROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: June 22, 2017 <br> Time: 8:00 a.m. <br> Crtrm: 8 – 19th Floor <br><br> Judge:  Hon. William A. Alsup <br><br> Trial Date: None Set |

1  TO THE CLERK OF COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT, on June 22, 2017, at 8:00 a.m., or as soon thereafter as
3  the matter may be heard, in Courtroom 8 of the above-entitled court, located at 450 Golden Gate
4  Avenue, San Francisco, CA 94102, defendant I Care Credit, LLC ("I Care") will and hereby does
5  move this Court pursuant to Fed. R. Civ. Proc. 12(b)(3) to dismiss this action as filed in the
6  improper venue or, in the alternative, to transfer this action to a proper venue.

7  Venue on the United States District Court for the Northern District of California is
8  improper because (1) I Care is not a resident of the State of California and does not reside in the
9  Northern District, (2) none of the events or omissions giving rise to plaintiff's claim occurred in
10 the Northern District of California, and (3) there is at least one other district in which an action
11 could be brought and/or I Care is not subject to this Court's personal jurisdiction.

12 This Motion will be based on this Notice of Motion, the attached Memorandum of Points
13 and Authorities, and all papers and pleadings on file in this action.

14 DATED:  May 11, 2017                    BROWNE GEORGE ROSS LLP
                                            Michael A. Bowse
15
16
17                                          By:     s/ Michael A. Bowse
                                                    Michael A. Bowse
18                                          Attorneys for Defendant iCare Credit, LLC d/b/a iCare
                                            Financial
19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND RELEVANT FACTS

This action cannot proceed in this District because there is no basis for venue here.  The events upon which Plaintiff's claims are based did not occur here.  Defendant I Care Credit LLC ("I Care") does not reside here.  The complaint alleges no facts indicating that there is no other district in which this action could be brought.  Because these are the only permissible grounds upon which this action could have been filed here, the action must be dismissed or transferred.

Plaintiffs' claims are based upon its alleged receipt of unsolicited faxes, which Plaintiff claims violated the Telephone Consumer Protection Act, 47 U.S.C. §227.  But Plaintiff is located in Fountain Valley, California, which is in the Central District of California, not this District.[1]  Thus, the events giving rise to Plaintiff's claim – its receipt of faxes – occurred in the Central District, not this District, making venue improper here.

Plaintiff attempts to avoid this problem by alleging that venue in this District is proper because members of the proposed class received faxes here.  *See* Complaint ¶8 ("Venue in this judicial district is proper … because a substantial number of the members of the class alleged herein received facsimile transmissions from Defendants … within this District….")  But venue in a proposed class action must be based on the events giving rise to the named plaintiff's claims, not the claims of absent class members.  As a result, Plaintiff's stated ground for venue in this District is invalid.

Since Plaintiff alleges no other basis for venue in this District and since the facts alleged in the Complaint contradict all other grounds for venue here, the Complaint must be dismissed for improper venue or, alternatively, transferred to a proper venue.

## II.  STANDARD

Federal Rule of Civil Procedure Rule 12(b)(3) allows a defendant, before answering the complaint, to move to dismiss for improper venue.  On such a motion, it is the plaintiff who bears

---

[1] I Care requests that the Court take judicial notice of the fact that Fountain Valley, California is located in the Central District of California.  *See Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996) (taking judicial notice of geographic location of city).

the burden of proving that the venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). If the plaintiff does not satisfy its burden, the court must either dismiss the action or transfer it to the venue in which it belongs. 28 U.S.C. § 1406(a).

The Court, in resolving a motion under Rule 12(b)(3), may consider facts outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Morgan Tire of Sac., Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014).

### III. ARGUMENT

#### A. Venue is Improper in the Northern District

Venue is proper (1) in a "district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) in a "district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought," then a "district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b).

In its complaint, Plaintiff attempts to invoke the second of these grounds to assert that venue is proper in this District. According to Plaintiff, venue is proper here because this is a proposed class action and members of the proposed class who are located here received faxes from I Care within this District. Complaint ¶8 ("Venue in this Judicial District is proper … because a substantial number of the members of the class alleged herein received facsimile transmissions from Defendants … within this District"). Plaintiff is wrong. That is not a proper basis for venue in this District.

In a class action, only the events giving rise to the named plaintiff's claims are relevant to determine venue. In other words, in order for venue to be proper in a particular district, a substantial part of the events of omissions that give rise to the named plaintiff's own claims must have occurred in that district. *See Ambriz v. Coca Cola Company*, No. 13–cv–03539-JST, 2014 WL 296159, *5-6 (N.D. Cal. Jan. 27, 2014); *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 987 (N.D. Cal. 2015) (claims of unnamed class members irrelevant to venue requirements); *see also Johnson v. Law*, 19 F. Supp. 3d 1004, 1009 (S.D. Cal. 2014) ("determination of proper venue is generally

1  based on the named plaintiff, not unnamed or absent putative class members.").

2  Given the nature of Plaintiff's claims – all of which are based on Plaintiffs' alleged receipt
3  of unsolicited faxes (*see* Complaint ¶¶19-22) – and given that I Care is located in the Northern
4  District of Georgia[2] (*see* Complaint ¶5), it is clearly not the case that a substantial part of the
5  events giving rise to Plaintiff's claims occurred in this District.  Instead, those events occurred
6  either in the Central District of California (where Plaintiff allegedly received the faxes) or in the
7  Northern District of Georgia (where I Care is located).  As a result, while venue may be proper in
8  one of those districts, it is clearly not proper in this District.[3]

9  Because venue in this District is improper, this action should be dismissed or, at a
10 minimum, transferred to a different district (likely the Central District of California, where
11 Plaintiff allegedly received the faxes upon which its claims are based).

12 **B.     Even if Venue Were Proper Here, the Action Should Still be Transferred**

13 Even if venue were proper in the Northern District, which it is not, the Court may, "[f]or
14 the convenience of parties and witnesses, in the interest of justice, . . . transfer [the] action to any
15 other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  In deciding
16 whether to transfer the action, the Court should consider: "(1) the location where the relevant
17 agreements were negotiated and executed, (2) the state that is most familiar with the governing
18 law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the
19 contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the
20 costs of litigation in the two forums, (7) the availability of compulsory process to compel
21 attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*
22 *v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

---

[2] I Care requests that the Court take judicial notice of the fact that Kennesaw, Georgia is located in the Northern District of Georgia. *See Regents of Univ. of California*, 166 F.R.D. at 465.

[3] Venue is also not proper here under either of the other grounds set forth in 28 U.S.C. § 1391(b). I Care does not reside in this District.  It is a resident of the Norther District of Georgia. Complaint ¶5 (alleging that I Care is a Georgia corporation with its principal place of business in Kennessaw, Georgia).  Nor does the Complaint allege any facts suggesting that "there is no district in which an action may otherwise be brought".  28 U.S.C. §1391(b).

1    These factors favor a transfer to the Central District of California.  Both Plaintiff and I
2 Care lack any contacts with the Northern District of California.  Because Plaintiff resides in the
3 Central District of California and I Care resides in Georgia, both parties would suffer increased
4 litigation costs to compensate for travel to and from the Northern District of California.
5    As such, even if the Court were to determine that this venue is a proper one for this action,
6 I Care requests the Court transfer the case to the Central District of California.

7 **IV.    <u>CONCLUSION</u>**
8    For these reasons, this motion should be granted.  This action should either be dismissed
9 or, at a minimum, transferred to the Central District of California or some other district where
10 venue is proper.

11

12 DATED:  May 11, 2017                         BROWNE GEORGE ROSS LLP
                                               Michael A. Bowse
13

14

15                                             By:   s/ Michael A. Bowse
                                                     Michael A. Bowse
16                                             Attorneys for Defendant iCare Credit, LLC d/b/a iCare
                                               Financial
17

18

19

20

21

22

23

24

25

26

27

28